ROSE A. HARRIS, Respondent, *v.* INTERBOROUGH RAPID TRANSIT COMPANY, Appellant.

Second Department, December 14, 1917.

Railroads — negligence — injury from closing of car door — evidence — verdict not against weight of evidence.

In an action against a railway company for injuries to the plaintiff sustained by the closing of the door of a car, it appeared that she was not physically injured or even disfigured beyond bruises and their attendant discolora-

tions, and the permanent injuries alleged were to the nervous system, and that the medical testimony of the experts was conflicting. *Held,* that a verdict of $250 was not against the weight of the credible evidence.

APPEAL by the defendant, Interborough Rapid Transit Company, from an order of the Supreme Court, made at the Kings County Trial Term and entered in the office of the clerk of the county of Kings on the 2d day of February, 1917, setting aside the verdict of a jury in plaintiff's favor for $250, and granting a new trial.

*B. H. Ames [Frederick Allis* and *James L. Quackenbush* with him on the brief], for the appellant.

*Vine H. Smith,* for the respondent.

JENKS, P. J.:

Although I am not unmindful of the large discretion reposed in the trial court, I cannot find justification for this order. The plaintiff was hurt by the closing of a door of a car. But she was not physically injured or even disfigured beyond bruises and their attendant discolorations and soreness. The permanent injuries charged are to the nervous system, and a condition related thereto rather remotely that subsequently caused a miscarriage. The trial was marked by the not unusual battle of medical experts. If the jury believed the medical testimony adduced by the plaintiff, it might well be said that their verdict of $250 was so inadequate as to justify interference, but not if the jury believed that kind of evidence adduced by the defendant. If the jury accepted the latter testimony, it cannot be said that its verdict was against the weight of the credible evidence. The principle that should control is stated in *Harrold* v. *New York Elevated R. R. Co.* (24 Hun, 184; affd., 89 N. Y. 628).

I advise that the order should be reversed, with costs, and that the verdict should be reinstated.

Present — JENKS, P. J., THOMAS, STAPLETON, RICH and BLACKMAR, JJ.

Order reversed, with costs, and verdict unanimously reinstated.